## THEODORE D. PADDLEFORD v. HENRY W. MOORE et al.

1. PLEADING.—A plea by the sureties of a sheriff to a motion made against them, setting up the invalidity of the sheriff's official bond, upon the ground that it is payable to the governor and his successors in office, and not to the State, should expressly negative the execution of any official bond by them, payable to the State; a simple averment that a certain instrument, executed by them on a certain day, is void, as an official bond, because it is payable to the governor, and not the State, will not do.

2. SHERIFF, MOTION AGAINST: BOND MUST BE VALID.—In a motion against the sheriff and his sureties for a neglect of his official duty, the bond of the sheriff is matter of inducement, and not the foundation of the suit; but still, the parties cannot be made liable, unless the bond is valid.

3. SHERIFF: BOND.—Whether the official bond of a sheriff, payable to the governor and his successors in office, instead of the State, be valid or not.—Quære?

IN error from the Circuit Court of Simpson county. Hon. John E. M'Nair, judge.

The plaintiff in error entered a motion in the court below against the sheriff of Simpson county and his sureties, for a failure to return an execution in favor of the plaintiff in error. Among other pleas to the motion, the sureties pleaded as follows:—"Third. And for a further separate answer, the said defendants, Banks, Morley, and Mendenhall, sued as sureties on the official bond of said Henry W. Moore, sheriff of Simpson county, say, that said motion ought not to be sustained against them, as such sureties, because they say that the instrument of writing, sealed and delivered by the said Moore, and the said defendants as sureties, on the 12th day of November, A. D. 1853, was not, and is not payable to the State of Mississippi, as required by law; but that the said writing obligatory was, and now is, made payable to one Henry S. Foote, governor of the State of Mississippi, and his successors in office; and so these defendants say, that the said instrument of writing, made as aforesaid, in form as aforesaid, is void, as an official bond; and this they are ready to verify, &c. Wherefore they pray to be hence dismissed.—GEO. T. SWANN, for defendants."

A demurrer was filed to this plea, which was overruled, and the motion dismissed.

*W. P. Harris*, for plaintiff in error.

*Geo. T. Swann*, for defendants in error.

SMITH, C. J., delivered the opinion of the court.

This was a motion against Henry W. Moore, the sheriff of Simpson county, and his sureties, for failure to return an execution placed in his hands, according to law. Two pleas were filed in bar of the motion. First; a joint plea by all the defendants, denying the allegations of the motion: and Second; a plea by the sureties alone, in which it was averred that the instrument of writing, executed by the said Moore, and those defendants, " as his sureties, on the 12th day of November, 1853, was not, and is not payable to the State of Mississippi, as required by law," but was "made payable to one Henry S. Foote, governor of the State of Mississippi, and his successors in office." Issue was joined on the first plea, and a demurrer was filed to the second, which was overruled, and the motion dismissed.

Owing, we presume, to the imperfect manner in which the record is made up, the grounds on which the court proceeded are not readily understood. The motion upon its face was unquestionably sufficient. It contained a clear and certain statement of all the facts held necessary to entitle a party to recover in such a proceeding. Hence, we are not at liberty to suppose that the demurrer of the plaintiff was extended back to his own motion, and sustained on account of defects existing in it. And, assuming that the second plea presented a good bar to the motion, so far as the liability of the sureties on the bond was involved, a final judgment should not have been rendered in favor of all the defendants, as the record does not show that the plaintiff, in the motion, declined to reply, and especially as there was a plea on which issue was taken, in which all of the defendants had joined.

But the plea itself was insufficient. It did not allege that the official bond of the sheriff, upon which, as sureties, the attempt was made to render them liable, was made payable to Henry S. Foote,

governor of the State, instead of the State of Mississippi, as required by the statute. The averment was, that the instrument of writing, executed by Moore and the defendants, on the 12th day of November, 1853, was payable to Henry S. Foote, &c., and not to the State; which might have been perfectly true. *Non constat* the official bond, executed by the sheriff and those defendants, was not made payable to the State of Mississippi. The demurrer, therefore, should have been sustained; and a judgment of *respondeat ouster*, against the parties to the plea, should have been entered, instead of judgment final against the plaintiff in the motion.

A paper purporting to be the official bond of the sheriff, dated on the 12th of November, 1853, payable to Henry S. Foote, governor, &c., was copied into the record, and appears to have been offered in evidence by the defendants. But it is not certified through the medium of a bill of exceptions, the only mode by which it could have been legitimately introduced into the record. We may presume, therefore, that the judgment was based upon the supposed illegality of the bond, and not in reference to the pleadings on the motion.

In proceedings of this character, the bond is matter of inducement, and not, properly speaking, the foundation of the motion. But, nevertheless, the liability of the parties against whom the proceeding is instituted, depends upon the validity of the bond, as much as if the bond itself were the foundation of the motion. For assuredly, if the sheriff and his sureties, could not be made liable in an action on the bond, by reason of its invalidity, they could not be held liable, in this summary mode of proceeding, if the bond were void.

But the question, whether the bond given by the sheriff, in this case, was valid or invalid, is not presented by the record, and we express no opinion upon it.

We reverse the judgment, and remand the cause, with leave to amend the pleadings.